# Dixon *v.* Brown.

*Bill in Equity to restrain Action at Law for Unlawful Detainer, &c.*

1. *Bona fide purchaser; who regarded as.*—If a husband buys land, and afterwards pays for it with moneys of the wife's statutory separate estate, taking bond for title to himself alone, a purchaser who takes a conveyance of the legal title from the husband and wife without knowledge of her claim, and enters into possession under it, they becoming his tenants, must be regarded as a *bona fide* purchaser as against the wife, where she seeks to assert her equity against him in a court of chancery, although, by reason of the vendor's failure to convey to the husband, he had only a perfect equity to the land.

2. *Legal advantage; when need not be founded on legal title.*—Where the equities are equal, the party having the legal advantage must prevail, and it is not necessary, in such a case as this, that the legal advantage should be founded upon a complete legal title, for the defendant having in conscience a right equal to that asserted against him, a court of equity will not disturb him, and take away his legal advantage in favor of one whose equities are no higher.

APPEAL from Chancery Court of Lee.
Heard before Hon. B. B. McCRAW.
The opinion states the facts.·

WATTS & WATTS and G. W. GUNN, for appellant.—Brown had notice of Mrs. Dixon's claim to the land. He found her and her husband jointly in possession, and where such is the case the law refers the possession to the title. *McCoy* v. *Odom*, 20 Ala. 502. Under our law the husband and wife, as to property, are two persons. *Walthall* v. *Goree*, 36 Ala. 728. Brown was, therefore, bound to know she was in possession of the property. *Newsome* v. *Collins*, 43 Ala. 656. Mrs. Dixon cannot be estopped by the deed to Brown. The deed was absolutely void. It was her separate statutory estate, and two witnesses to the deed of her husband and herself were essential to its validity. *Robinson* v. *Robinson*, 44 Ala. 227. The statute is restrictive, and must be strictly complied with, or the conveyance will be void. *Smith* v. *Oliver*, 31 Ala. 39; *Greenwood* v. *Coleman*, 34 Ala. 150.

W. H. BARNES, *contra.*—Brown is a *bona fide* purchaser, without notice, and as such a court of equity will not disturb him. There was nothing in the bond for title to Dixon which could lead him to suppose that the property was

[Dixon *v.* Brown.]

the statutory separate estate of the wife, and he cannot be held to have notice of such latent equities. *Oliver* v. *Piatt*, 2 How. 333; *Barnes* v. *Taylor*, 23 Ala. 255; *Dudley* v. *Witter*, 46 Ala. 620. She is estopped by her deed to Brown from asserting any claim to the property as against him.

MANNING, J.—According to the bill in this cause, Geo. W. Dixon, in 1858, purchased of one Edmundson (now in Texas) a lot and house in Auburn, Ala., and received from Edmundson his bond for title, made to Dixon as the obligee, and stipulating to convey the property to him. The purchase money was all paid in the course of the next year, with money of the statutory separate estate of complainant, wife of Dixon; and they and their family were in the occupation of the premises. Only the naked legal title remained in Edmundson, without any interest whatever; and that title he was bound to convey to Dixon, the husband, according to the contract between them.

In 1864, Dixon, the husband, sold the property to Brown, the defendant; and upon payment of the price according to the contract, in the notes then used and known as "Confederate currency," Dixon and wife, by their deed, conveyed the property to Brown, or executed their deed of it to him. From this time, by contracts between Brown and Dixon, the latter occupied the premises as tenant of Brown and paying him rent for them, and continued to do so under leases from time to time made by Brown, until a short time before the commencement of the suit; at which time Brown was prosecuting an action of unlawful detainer, which he had brought against Dixon for the house and lot.

The bill was filed for an injunction against this action, and to set up in Mrs. Dixon an equitable title to the property, as her statutory separate estate. And she says that according to the best of her recollection and belief, the deed of herself and husband to Brown was attested by only one subscribing witness; that she signed it reluctantly, after much persuasion and importunity from her husband, and his promise to purchase another place for her out of the money received for this property, which he did not do; that she understood at the time that she was conveying away only her right of dower in the premises; and "that she was not at the time informed as to her right to hold said house and lot as her statutory separate estate."

They did not, indeed, at that time constitute any part of her statutory separate estate; and it was only to a conveyance of them as such that two subscribing witnesses would be

[Dixon *v.* Brown.]

necessary to the deed. It was within her option, if she had chosen to do so, to claim the property as hers, by reason of the payment for it being made with moneys of her estate, and to have had the claim established. But this she did not do. The only evidence in writing that they had of title was of title in Dixon, the husband; and as his, it was sold to Brown, Mrs. Dixon joining in executing the deed to him for the purpose of relinquishing her right of dower.

It does not appear that Brown knew or was informed of the reluctance of complainant to join in executing the deed, or that the premises had been paid for with money of her separate estate. So far as is shown by the bill, he received the conveyance in perfect good faith, upon payment of the price agreed on, and doubtless after the title bond executed by Edmundson to Dixon had been produced and exhibited. This disclosed no other imperfection in the title than that the bare legal estate was outstanding in Edmundson, who resided in Texas, but who was bound to convey it to Dixon, the husband, or to his vendee.

The law, which holds a purchaser of real estate to be cognizant of any defect in the title which an examination of the instruments in the chain of title would bring to light, and in order to charge him with the knowledge, presumes, and will not let him deny, that he has examined them, allows him, also, to claim the benefit of any fact advantageous to him which such an examination would disclose. And when Brown found Dixon and his family in possession of his premises, and a title bond thereof from Edmundson to Dixon, and Mrs. Dixon not making any claim, except of the right of dower in them, it would be extravagant to hold that Brown, in purchasing it, took it charged with a knowledge of Mrs. Dixon's interest in it, because he did not catechise her to ascertain whether she was not keeping in reserve some secret right in herself, to be set up after he had paid for the property, as a means of preventing him from keeping it.

The defendant, Brown, must, upon the allegations of the bill, be regarded as a *bona fide* purchaser, without notice. But it is strenuously argued, admitting that he is so, he is the purchaser only of an equity; and that Mrs. Dixon too has an equal equity, and also possession, and is therefore to be preferred in this court; for, that the legal title being in Edmundson, defendant Brown cannot have any other than an equitable interest or title.

Suppose we admit the doctrines invoked to be applicable to the present case. What then? The equities being equal,

[Dixon *v.* Brown.]

that party must prevail who has the legal advantage. And it is to be observed that it is not necessary in such a contest that the legal advantage should be, or be founded upon, a complete legal title. In *Willoughby* v. *Willoughby*, 1 Term, 763, 767, Lord Hardwicke, speaking of a *bona fide* purchaser for value, said : "If he has no notice, and happens to take a defective conveyance of the inheritance—defective either by reason of some prior conveyance or of some prior charge or incumbrance—and if he also take an assignment of the term to a trustee for him, or to himself, when he takes the conveyance of the inheritance to his trustee, in both these cases he shall have the benefit of the term to protect him; that is, he may make use of the legal estate of the term to defend his possession, or, if he has lost his possession, to recover it at common law, notwithstanding that his adversary may at law have the strict title to the inheritance." And Justice STORY says, in § 1502 of his Eq. Jur. (on the first part of which section complainant's counsel rely): "The rule in equity is that if defendant has in conscience a right equal to that claimed by the person filing a bill against him, although he is not clothed with a perfect legal title, this circumstance, in his situation as defendant, renders it improper for a court of equity to compel him to make any discovery which may hazard his title."

Now, defendant Brown has in this case a right that is, in conscience at least, equal to that of Mrs. Dixon; and in addition, he is the defendant in this cause, and a defendant having a legal advantage. He is, in fact, in possession of the premises; for the possession of a tenant is the possession of his landlord, and although the tenant is keeping his landlord out and puts him to an action to regain the premises, the action is an action at law, and can be maintained without a legal title. Thus, according to the principles established by the authorities referred to, a court of equity ought not to interfere to deprive this defendant of the legal advantage obtained in his favor.

The complainant in this cause is entitled to sympathy for her misfortunes. But if courts, in deciding causes, should suffer their judgments to be shaped and warped by considerations of a personal and private kind, there would be a departure from the impartiality necessary to the "equal and exact justice" which should be awarded between all contending parties to legal controversies, and an uncertainty in regard to titles and rights that would be productive only of disaster and distress.

Decree of the court below affirmed.